Filed 8/20/20  P. v. Vallier CA2/8
(opinion following vacated opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B299428 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA453297) |
| v. | |
| EARL VALLIER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Affirmed in part and remanded with directions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr. and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Earl Vallier and the People agreed to a plea deal with particular components. The court approved the negotiated plea but sentenced Vallier differently. We remand for resentencing consistent with the plea and otherwise affirm.

All statutory citations are to the Penal Code.

The facts are recited in the probation report. On June 22, 2014, Vallier pointed a gun at a gas station store clerk and took money from the store's cash register. He ordered the clerk to a back room. He took a customer's wallet at gunpoint and ordered the customer to the back room, too. On August 28, 2014, Vallier punched a man's face at a bus stop and searched the man's pockets.

On February 1, 2017, prosecutors filed a felony complaint charging appellant with two counts of second degree robbery (§ 211); kidnapping to commit robbery (§ 209, subd. (b)(1)); and attempted second degree robbery (§§ 664, 211). As to the two second degree robbery counts and the kidnapping to commit robbery count, prosecutors alleged Vallier personally used a firearm. (§§ 12022.53, subd. (b), 12022.5, subd. (a).) The information alleged Vallier had two prior convictions that qualified as serious felony priors and as strikes. (§§ 667, subds. (a)(1), (b)–(i), 1170.12, subds. (a)–(d).) The information also alleged he had served six prior prison terms. (§ 667.5, subd. (b).)

On April 16, 2018, Vallier waived his constitutional rights and entered a no contest plea. According to the reporter's transcript of the plea, Vallier and the prosecution agreed to the mid-term, a base term of three years, for the robbery count. The three years would be doubled to six years due to a prior strike, plus 10 years for a firearm enhancement, and plus five years for a prior serious felony enhancement. The total sentence would be

2

21 years in state prison. The prosecution agreed to dismiss other counts and allegations.

The prosecution took Vallier's plea pursuant to the deal. Vallier pleaded no contest to the robbery count (§ 211), admitted he used a firearm during the robbery "within the meaning of Penal Code section 12022.53(a)," and admitted a 1994 conviction that qualified as a strike "within the meaning of Penal Code section 1170.12(a) through (d) and subsection 667(b) through (i)" and as prior serious felony "within the meaning of Penal Code section 667(a)." The court said it "accepts the plea and the admission of enhancement and finds him guilty thereon."

On May 23, 2018, the court sentenced Vallier. The court stated: "as to count 1, a violation of Penal Code section 211, probation is denied and Mr. Vallier is sentenced to the high term of five years in the state prison. [¶] The court selects the high term pursuant to the plea agreement. That is doubled under the provisions of Penal Code section 667(b) through (i) and 1170.12(a) through (e) for a total of 10 years. [¶] In addition, the court imposes 10 years pursuant to Penal Code section 12022.5 and an additional one year for the 2005 strike prior." The abstract of judgment reflects the one-year enhancement as a one-year prior prison term enhancement under section 667.5. The court did not sentence Vallier to a section 667, subdivision (a)(1) enhancement. The court sentenced Vallier to the same total term of 21 years.

The court did not acknowledge or explain its alteration of the sentence components. There were no objections. Vallier received 1,981 days of presentence custody credit. The court imposed various fines and fees. The court dismissed the remaining charges and allegations.

On June 11, 2019, Vallier filed a timely notice of appeal.

We appointed counsel to represent Vallier on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently under *People v. Wende* (1979) 25 Cal.3d 436. In the brief, counsel informed the court he had filed a motion asking the trial court to strike Vallier's one-year section 667.5 prior prison term enhancement due to Senate Bill No. 136 (2019–2020 Reg. Sess.). Counsel did not set forth any argument on this issue for our court.

On June 25, 2020, we issued an opinion affirming the judgment.

Vallier filed a late pro. per. supplemental brief in two letters we received on July 6, 2020. He explained Coronavirus restrictions in the prison affected his ability to file a timely brief and he requested we file his late brief. We granted the request and vacated our June 25, 2020 opinion. In his supplemental brief, Vallier raised two issues. First, he argued the court sentenced him to terms to which he and the prosecution had not agreed. We address the second issue, which was without merit, at the end of this opinion.

On July 13, 2020, we asked the parties to file supplemental letter briefs addressing whether we should remand for resentencing consistent with the plea agreement.

In his letter brief, Vallier's counsel stated "appellant seeks to have his sentence[] calculated as explained to him on April 16, 2018." The People agree we should remand for resentencing consistent with the plea agreement. We agree with the parties and remand for resentencing. The court had approved the negotiated plea and could "not proceed as to the plea other than as specified in the plea." (§ 1192.5.) Because the court did not

impose the sentence the parties had agreed upon, the court must resentence Vallier consistent with the agreement.

In the pro. per. brief Vallier filed after his counsel initially filed a *Wende* brief, Vallier raised a second issue. He challenged the trial court's denial of his motion to suppress evidence. Vallier's counsel had described the motion and ruling in his *Wende* brief but raised no issues. We did not request additional briefing about it.

There is no arguable issue about the motion to suppress. The basis of the motion was the *Harvey/Madden* rule, which is named for *People v. Harvey* (1958) 156 Cal.App.2d 516 and *People v. Madden* (1970) 2 Cal.3d 1017. The rule applies when an officer arrests or detains someone based on information from official channels. (*Madden, supra,* at p. 1021.) If, for example, an arresting officer relies on information from another officer, the prosecution must show the officer who originally furnished the information had probable cause for arrest. (*Ibid.*) Vallier had asked the trial court to apply the rule to suppress results of investigations stemming from a detective's connection of Vallier to a car from the bus stop incident.

The trial court properly denied Vallier's motion because the *Harvey/Madden* rule did not apply. Police did not arrest Vallier based on information from official channels. Rather, as the trial court explained, police arrested Vallier after the two victims in the gas station incident identified his photo. We review facts related to rulings on motions to suppress for substantial evidence. (*People v. Carter* (2005) 36 Cal.4th 1114, 1140.) Evidence showed the arrests were based on the photo identifications and based on surveillance video from the gas station. Thus Vallier was not arrested based on undisclosed information from official channels. The trial court properly denied the motion.

## DISPOSITION

The case is remanded with directions to the superior court to resentence Vallier consistent with his plea and amend the abstract of judgment accordingly.  At this remand hearing, Vallier has the right to be present and the right to assistance of counsel.  In all other respects, the judgment is affirmed.


WILEY, J.


We concur:


BIGELOW, P. J.


GRIMES, J.